No. 23,996.

THE HAMMOND MOTOR COMPANY, *Appellant*, v. C. S. WARREN, *Appellee*.

Appeal from Wyandotte district court, division No. 3; WILLIAM H. Mc-CAMISH, judge. Opinion on motion to direct judgment filed June 9, 1923. (For original opinion of reversal see ante, p. 44.)

*A. J. Herrod*, and *S. H. Roberts*, both of Kansas City, for the appellant.

*E. Q. Stillwell*, of Kansas City, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: The appellant who prevailed in this court moves for a special mandate directing the nature of the judgment to be entered in its behalf in the trial court, and suggests that it should be for $650 as the value of the car, and for $2,956 [$2,856] for the value of its use at $6 per day for the 476 days during which appellant was deprived of its use.

The proper judgment to be entered is for the delivery of the car and for costs of suit, together with a sum of money equal to the difference between the present, depreciated value of the car and its value, $650, as testified to, without dispute, at the time demand was made upon defendant for its surrender. If the car is not delivered,

Callahan v. Bank.

the judgment should be for $650 and interest thereon since demand was made for its surrender. These are details which the trial court must determine and compute.

The appellant is not entitled to the value of the use of the car during the time it was in defendant's possession, because no damages were proved which could be the basis of such recovery. The only evidence on the subject was merely in the circumstance that he was deprived for a time of his security; the evidence showed no other damages. Plaintiff had no *use* for the car in the ordinary sense of *use*, for which a per diem compensation should be allowed. The record shows a stipulation that if a certain expert had been called as a witness he would have testified that the value of the use of such a car was $6 per day, but there was no evidence that the deprivation of its mere use damaged the plaintiff in any respect. In reality the wrong done plaintiff was the withholding of his security; it was as a lien holder he sued, and only as a lien holder was he entitled to possession.